OPINION
{¶ 1} Appellant, Terry E. Turkal, appeals his June 3, 2004, sentencing in the Belmont County Court of Common Pleas following his guilty plea to driving under the influence of alcohol, in violation of R.C. §4511.19(A)(1).
 {¶ 2} Appellant's sole assignment of error asserts:
 {¶ 3} "The Court erred as the sentencing was contrary to the sentencing factors."
 {¶ 4} Appellant's indictment included the specification that this was Appellant's fourth such offense within the last six years, which is a fourth degree felony under the former R.C. § 4511.99(A)(4)(a)(i). (Jan. 7, 2004, Indictment.)
 {¶ 5} Appellant agrees that R.C. § 2929.13(G)(2) requires a mandatory sixty-day prison term in the instant case. However, he challenges the trial court's imposition of the twenty-month sentence under R.C. §2929.14(D)(4).
 {¶ 6} For a fourth degree felony OVI offense, R.C. § 2929.14(D)(4) authorizes the sentencing court to impose, "[i]n addition to the mandatory prison term, * * * a definite prison term of not less than six months and not more than thirty months[.]" This additional sentence is within the court's discretion.
 {¶ 7} Further, under R.C. § 2929.12(A), a court entering a felony sentence has discretion to determine the most effective way to comply with the sentencing principles and purposes set forth in R.C. § 2929.11, i.e., to protect the public and punish the offender.
 {¶ 8} "* * * In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section [R.C.2929.12] relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. § 2929.12(A).
 {¶ 9} In explaining its rationale under R.C. § 2929.12(B) and (D), the trial court in the instant matter stressed:
 {¶ 10} "[Appellant] was under community control sanctions at the time of the commission of the offense * * *. [Appellant] was operating a motor vehicle while under a suspension of driving privileges. The [Appellant] has a history of criminal convictions including nine previous DUI's and one fleeing and eluding as well as other traffic offenses.
 {¶ 11} "[Appellant] has not responded to sanctions previously imposed. [Appellant] has an extended drug and alcohol pattern * * * and refuses to acknowledge it and/or to enter into good faith treatment for it. Lack of genuine remorse wherein the [Appellant] has minimized his behavior basically indicating that he has a problem with alcohol. It is much more serious than that. This [Appellant] has previously served time in the penitentiary for drug trafficking. And then, finally, there was an accident involved at the time of this offense." (June 3, 2003, Tr., pp. 6-7.)
 {¶ 12} Although Appellant admits his history of criminal conduct, he argues that his conduct was not the worst form of the offense. In support, he states that no one was injured in the automobile accident, he had no relationship with the driver of the other car, and he did not commit the offense as part of an organized criminal activity.
 {¶ 13} However, the trial court did not have to conclude that this was the worst form of the offense to impose the additional term. The trial court did conclude that community control sanctions would inadequately punish Appellant and protect the public. It also found that lesser sanctions would demean the seriousness of the offense. The trial court also stated that Appellant poses the greatest likelihood of recidivism based on his failure to assume responsibility for his actions. (June 3, 2003, Tr., pp. 7-8.)
 {¶ 14} Based on the foregoing, the trial court's decision to impose the twenty-month term of imprisonment under R.C. § 2929.14(D)(4) was within the trial court's discretion, and there is nothing before this Court indicating that the trial court abused its discretion.
 {¶ 15} As such, Appellant's assigned error lacks merit and is overruled. The trial court's judgment is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.